UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62059-CIV-DAMIAN

**LOGARO LLC,**

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendant.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon Plaintiff, Logaro LLC's, Sealed Document Schedule A,[1] filed February 27, 2025 [ECF No. 14], and upon a *sua sponte* review of the record.

Plaintiff filed its Complaint [ECF No. 1] on November 1, 2024, alleging (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin pursuant to 15 U.S.C. § 1125(a); (3) common law unfair competition; and (4) common law trademark infringement. *Id.* In the Complaint, Plaintiff alleges that Defendants "continue to promote, sell, and distribute goods bearing counterfeits and confusingly identical or similar imitations of Plaintiff's intellectual property within this district through various Internet-based e-commerce stores." *See generally* Complaint.

---

[1] Nothing in this Order reveals the identities of the Defendants contained in this sealed document.

Plaintiff's allegations are asserted against *five-hundred and forty-seven* (547) Defendants identified in Schedule A.[2] *See* ECF No. 14. However, review of the Complaint reflects that Plaintiff does not allege or seek certification of a defendant class under Federal Rule of Civil Procedure 23.

Trademark infringement actions such as this have become increasingly prevalent in the Southern District of Florida in recent years. Nevertheless, this Court, like many others in this District, questions whether joinder of the Defendants identified in this case is proper under Federal Rule of Civil Procedure 20, and also questions as a practical matter whether Plaintiff should continue to be permitted to avoid paying the filing fee for each individual Defendant or, at least, groups of related Defendants. *See, e.g.*, *Omega S.A., et al v. The Indiv's, Bus. Entities, and Unincorporated Bus. Ass'ns Identified on Schedule A.*, No. 22-CV-60026-KMM, ECF No. 65 (July 28, 2022) ("[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases.") (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020)).

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. As it pertains to joinder of Defendants, Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part:

> Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

---

[2] The Court also notes that the manner in which the subject URLs are displayed in the Schedule A is confusing to the point that it is impossible for the Court to actually access the URLs, which are cut off and then apparently continued in subsequent pages in a manner which makes it impossible to discern the full, correct URL.

>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

Here, while there may well be common questions of law and fact as to some or all Defendants, it is not at all clear from the Complaint how the Defendants' alleged infringement "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(2)(A). It does not appear that there is any relief sought against Defendants that is joint and several.

In *Omega, supra*, and *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fla. 2011), as well as the Northern District of Illinois' memorandum opinion and order in *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020), cited in the previously mentioned orders, the district courts severed and dismissed several defendants in very similar circumstances as improperly joined.

The instant action alleges trademark infringement against 547 Defendants without indicating why joinder of so many Defendants is proper. Plaintiff has not explained how Defendants' alleged infringements are logically related. Plaintiff fails to sufficiently allege how Defendants' alleged infringements are properly understood as the *same* infringement of Plaintiff's intellectual property rights. Plaintiff also fails to sufficiently allege how Defendants' alleged conduct is properly considered as arising out of the same series of transactions or occurrences rather than as "the same type of violation [committed] in the same way[.]" *AF*

3

*Holdings, LLC*, 752 F.3d 990, 998 (D.C. Cir. 2014). Based on the pleadings in this case, this Court is not convinced that joinder is proper under Rule 20.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff shall file a response to this Order no later than **April 30, 2025**, setting forth why joinder of Defendants is proper under Rule 20. Plaintiff's response should further explain how Defendants' alleged infringements are related to one another, and why these copyright infringements should be considered the *same* (rather than *similar*) infringements for Rule 20 purposes. Plaintiff should also provide authority to guide the Court's review. If the technical requirements of joinder under Rule 20 are met in this action, Plaintiff shall also set forth whether joinder of Defendants promotes judicial economy. *See Omega, SA*, 2023 WL 2248233, at *3 (finding judicial economy undermined where court must still evaluate evidence submitted against each Defendant in support of liability and damages and exercising discretion not to join defendants under Rule 20).

2. Plaintiff shall further show cause why the Court should not drop or sever, pursuant to Federal Rule of Civil Procedure 21, and dismiss without prejudice the Defaulting Defendants in Schedule A and require the refiling of separate actions and payment of separate filing fees as to the remaining Defendants. Failure to comply with this Order may result in sanctions, including the dismissal of this action.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 10th day of April, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**